UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM FARRINGTON,

                       Plaintiff,

   - against -

GIZMODO MEDIA GROUP, LLC

                       Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

     Plaintiff William Farrington ("Farrington" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Gizmodo Media Group, LLC, ("Gizmodo or "Defendant") hereby alleges as follows:

## **NATURE OF THE ACTION**

     1.     This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an exclusive copyrighted photograph of Anthony Weiner riding a horse during his sex addition rehab, owned and registered by Farrington, a New York City based photojournalist. Accordingly, Farrington seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## **JURISDICTION AND VENUE**

     2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

     3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Farrington is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 160 Parkside Avenue, Apt. 6A, Brooklyn New York 11226. Farrington' photographs have appeared in many publications around the United States.

6.      Upon information and belief, Gizmodo is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 114 Fifth Avenue, New York, New York 10001. At all times material hereto, Gizmodo has owned and operated a website at the URL: www.Gizmodo.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      In November 2016, Farrington captured an exclusive photograph of Anthony Weiner riding a horse during his sex rehab in Tennessee (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Farrington then licensed the Photograph to the New York Post. On November 4, 2016, The New York Post ran an exclusive article that featured the Photograph on its web edition entitled, *Anthony Weiner rides through sex addition rehab on a horse.* See http://nypost.com/2016/11/04/anthony-weiner-rides-through-sex-addiction-rehab-on-a-horse/. Farrington's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph is attached hereto as Exhibit B.

9.      Farrington is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.    The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-025-125.

**B.    Defendant's Infringing Activities**

11.    Upon information and belief, Gizmodo ran an article on the Website entitled *Anthony Weiner Got Back in the Saddle at Sex Rehab*. See http://jezebel.com/anthony-weiner-got-back-in-the-saddle-at-sex-rehab-1788616877. The article prominently featured the Photograph on Gizmodo's servers. A true and correct copy of the article is attached hereto as Exhibit C.

12.    Gizmodo did not license the Photograph from Plaintiff for its article, nor did Gizmodo have Plaintiff's permission or consent to publish the Photograph on its Website.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST GIZMODO)**</u>
**(17 U.S.C. §§ 106, 501)**

13.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.    Gizmodo infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Gizmodo is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.    Upon information and belief, the foregoing acts of infringement by Gizmodo have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Gizmodo be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.     That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.     That Plaintiff be awarded pre-judgment interest; and

6.     Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       January 25, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                             Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff William Farrington*